# United States Court of Appeals for the Fifth Circuit

—————————

No. 24-50338
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Julian Avitia,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-985-1

———————————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Julian Avitia appeals his bench-trial conviction for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) violates the Second Amendment, both as applied to him and facially, and that it violates the Commerce Clause. Because he properly preserved them, we review Avitia's claims *de novo*. *See United States*

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50338

*v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *cert. denied*, 2025 WL 1727419 (U.S. June 23, 2025) (No. 24-6625).

Avitia asserts that § 922(g)(1) is unconstitutional as applied to him because disarming him based upon his prior Texas conviction for the manufacture and delivery of a controlled substance does not fit within this country's historical tradition of regulating firearms. This circuit has recently upheld the application of § 922(g)(1) to disarm a felon previously convicted of the manufacture or delivery of a controlled substance. *United States v. Kimble*, 142 F.4th 308, 309–10, 317–18 (5th Cir. 2025). *Kimble* controls this case, and Avitia's claim fails. Because § 922(g)(1) is constitutional as applied to Avitia based on his predicate conviction of manufacture and delivery of a controlled substance, we do not consider Avitia's arguments regarding his predicate robbery conviction. *See Kimble*, 142 F.4th at 309, 317–18.

As to his facial constitutional challenge to § 922(g)(1) under the Second Amendment and his argument that § 922(g)(1) violates the Commerce Clause, Avitia correctly concedes that those arguments are foreclosed by our precedent. *See Diaz*, 116 F.4th at 462, 467–72; *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).

AFFIRMED.

2